```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BECKLEY
```

**VERNAL SHAWN BAKER,**

    **Movant,**

**v.**                              **CIVIL ACTION NO. 5:04-00917**
                                    **(CRIMINAL ACTION NO. 5:03-00094)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

On July 24, 2007, Magistrate Judge R. Clarke VanDervort submitted his Proposed Findings and Recommendation ("PF & R") recommending dismissal of movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 76.) In the court's August 23, 2007, Memorandum Opinion and Order, movant was granted an additional thirteen days in which to object to the magistrate judge's PF & R. (Doc. No. 79 at 3.) Movant filed timely objections on September 6, 2007 (Doc. No. 80), of which the court has conducted a de novo review pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, the court overrules movant's objections.

**I.    Objection I – Ineffective Assistance of Trial Counsel**

Movant first objects to the magistrate judge's recommended dismissal of his claim regarding ineffective assistance of trial counsel. (Doc. No. 80 at 4-10.) He contends that the representation he received in his underlying case was deficient

because his attorney failed to advise him that he would be sentenced as a Career Offender, and thus would receive a substantially longer term of incarceration.[*] (Id.) He opines that his attorney was either incompetent in failing to realize his Career Offender status, or that he intentionally withheld that information from movant in order to secure his guilty plea. (Id. at 8.)

Claims of ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution are analyzed under the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under the first prong of the test, the court assesses the competence of the representation provided, and whether it fell below an objective standard of reasonableness. Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. Even if the

---

[*] Movant asserts that his trial counsel erroneously advised him his Guideline range would be approximately five to seven years. (Doc. No. 80 at 5.) On this point, the court notes that movant acknowledged at his plea hearing that the offense to which he was pleading guilty carried a statutory sentence of up to twenty years imprisonment. (See Criminal Action No. 5:03-00094, Doc. No. 21 at 1.) He further confirmed his understanding that his sentence would depend on what the presentence investigation revealed about him, and that he would be bound by his plea even if he received a more severe sentence than expected. (Id. at 1-2.) Movant also specifically confirmed that no predictions had been made regarding the sentence he would receive. (Id. at 2.)

representation in question is found to be professionally unreasonable, it must also be shown to have sufficiently prejudiced the criminal defendant.  That is, one asserting an ineffective assistance of counsel claim must demonstrate that there is a reasonable probability the outcome of the proceeding would have differed but for counsel's error.  <u>Id.</u> at 698.

Significantly, movant describes the prejudice he claims to have sustained as follows:

> The question, then, was not whether or not it was in [movant's] best interest to plead guilty but, rather, under what terms.
>
> Movant alleges that counsel's advise under the above circumstances was deficient <u>for</u> <u>what</u> <u>was</u> <u>omitted</u>, that is, information essential to Movant <u>deciding</u> <u>under</u> <u>what</u> <u>terms</u> he should agree to plead guilty.
>
> . . .
>
> [H]e would have weighed [his Career Offender status] in deciding whether or not to provide substantial assistance in the investigation or prosecution of another person and would have negotiated for terms that specifically impacted his anticipated career offender status as a consideration for cooperating with the Government.

(Doc. No. 80 at 5, 6 (emphasis in original).)

The United States Supreme Court has extended the <u>Strickland</u> test to challenges to guilty pleas based on ineffective assistance of counsel.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985).  In <u>Hill</u>, the Court explained what is necessary to satisfy the "prejudice" requirement of the <u>Strickland</u> test:

> The second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective

>   performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hill, 474 U.S. at 59.

By movant's own admission, having prior knowledge of his Career Offender status would not have led him to plead not guilty and proceed to trial; he was determined to plead guilty in any event. As such, his speculation as to how this knowledge would have affected the specific plea terms he might have attempted to negotiate does not suffice to meet the standard set forth in Hill. Movant's first objection is therefore overruled.

## II. Objection II – Ineffective Assistance of Appellate Counsel

Movant's second objection relates to his representation by counsel on appeal. He states that his family retained attorney Samuel Shamansky to represent him on appeal for a flat fee of $15,000.00. (Doc. No. 80 at 10-11.) After finding no viable issues for direct appeal, Shamansky advised movant to dismiss his appeal in favor of proceeding with his ineffective assistance of trial counsel claim by way of a collateral action under 28 U.S.C. § 2255. (Id. at 11.) The Fourth Circuit Court of Appeals granted movant's motion to dismiss his appeal on April 21, 2004. (See Criminal Action No. 5:03-00094, Doc. No. 51.) Movant asserts that Shamansky assured him he would file the Section 2255

motion on movant's behalf, but failed to do so. (Doc. No. 80 at 11.)

Movant does not argue that Shamansky erred in advising him to dismiss his direct appeal. Indeed, he states several times that Shamansky did so after determining that there were no viable issues to raise on appeal. (<u>Id.</u> at 11-12.) Apart from the nonviable ineffective assistance of trial counsel claim addressed above, movant does not set forth any issues he believes Shamansky ought to have raised on his behalf, either on direct review or through collateral attack. His only complaint appears to be that a fee of $15,000.00 is excessive in view of the time and effort Shamansky expended on his case. (<u>See, e.g.</u>, <u>id.</u> at 11-12 ("Attorney Shamansky determined that Movant had no viable issue with which to proceed on direct appeal; however, he <u>did</u> <u>not</u> offer to return any of the $15,000.00 he had been paid in order to reach the conclusion that he could not help Movant at all.")(emphasis in original).) Because the reasonableness of his attorney's fee does not go to the effectiveness of his representation, movant can find no relief under Section 2255.

To the extent movant contends that his agreement to dismiss his appeal was not knowing and voluntary, his argument also fails. Movant's second objection appears to make the novel argument that Shamansky fraudulently induced him to dismiss his

appeal by promising and then failing to file the Section 2255 motion on his behalf. (Id. at 12-13.) He continues as follows:

> It follows that, because Movant was induced by fraud to dismiss his direct appeal, his agreement was not the result of a knowing, intelligent, and voluntary choice, and counsel's fraudulent inducement of Movant's agreement to dismiss his direct appeal must be viewed as a denial of the assistance of counsel altogether, so that, under Strickland, prejudice is presumed.

(Id. at 13 (emphasis in original).)

Movant does not appear to dispute the wisdom of the strategy employed by his appellate counsel in dismissing his direct appeal in favor of this collateral action. (See, e.g., id. at 11 (". . . the records are clear that Movant agreed to dismiss his direct appeal, signed a Motion to Dismiss which had been prepared by Attorney Shamansky, and concurred in the decision to dismiss his direct appeal.").) His objections indicate that he agreed with his attorney's assessment that the only potential issue he had for review was the ineffective assistance of trial counsel claim addressed above, which the court has now found to be deficient. It appears that movant's "fraudulent inducement" theory is merely a repetition of his complaints about his appellate counsel's fee. Because Section 2255 provides no relief for such attorney-client disputes, movant's second objection is overruled.

## CONCLUSION

For the reasons set forth above, the court **CONFIRMS** and **ACCEPTS** the Proposed Findings and Recommendation of the

magistrate judge (Doc. No. 76), **DISMISSES** movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 52), and **DIRECTS** the Clerk to remove this action from the court's active docket. A Judgment Order of even date will be entered effectuating the court's ruling.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to all counsel of record and the movant, pro se.

It is **SO ORDERED** this 21st day of September, 2007.

ENTER:

David A. Faber
United States District Judge